# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER WIGFALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| S&B HOLDINGS, INC. f/d/b/a ) | |
| LOGISTICS MADE SIMPLE, and ) | |
| FITZMARK, LLC, as successor-in-interest, ) | |
| | |
| Defendants. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from race discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Christopher Wigfall ("Plaintiff") timely filed his charge of discrimination against defendant S&B Holdings, Inc. ("S&B"), which was then doing business as Logistics Made Simple ("LMS"), with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. While the case was pending with the EEOC, S&B sold LMS to FitzMark, Inc., which later converted to defendant FitzMark, LLC ("Fitzmark"). Plaintiff has

further filed this complaint within 90 days after receipt of his right-to-sue notice from the EEOC following its finding of a cause determination.

## II. PARTIES

3. Plaintiff is a United States citizen over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant S&B is a Tennessee corporation based in Chattanooga, Tennessee.

5. Defendant FitzMark is an Indiana limited liability company based in Indianapolis, Indiana. Defendants S&B and FitzMark are collectively referred to herein as "Defendants."

## III. FACTS

6. Plaintiff is African-American.

7. LMS provides third-party logistics services for the trucking industry, primarily in flatbed trucking.

8. In or about August of 2018, Plaintiff applied online with LMS for the open position of Freight Broker at its Birmingham, Alabama location.

9. Plaintiff was qualified for the position.

10. On or about September 4, 2018, Plaintiff interviewed with Alex North and Tyler Mardis, POD Managers for LMS.

11. North and Mardis are Caucasian.

12. Plaintiff was one of twenty candidates interviewed in this first round of interviews.

13. On or about September 27, 2018, Plaintiff was brought in for a second interview.

14. From those interviewed in the first round of interviews, LMS selected three candidates to be brought back for a second interview.

15. These included Plaintiff and two Caucasian candidates.

16. One of the other candidates withdrew from consideration, having accepted other employment.

17. In his second interview, Plaintiff was interviewed by North and Mardis and this time also Jarrod Troup.

18. Troup is Caucasian.

19. Troup was then a newly-promoted POD Manager.

20. The position being filled was for Troup's team of Freight Brokers.

21. The other candidate given a second interview was Matthew Haskins.

22. Haskins is Caucasian.

23. Haskins was interviewed by Troup, Mardis, and Jonathan Davis, then LMS's Vice-President of Sales.

24. Davis is Caucasian.

25. On or about October 8, 2018, Plaintiff received an email from a recruiter for LMS advising that he had not been selected to the position.

26. Haskins was selected for the position.

27. Plaintiff was more qualified for the position than was Haskins.

28. Troup made the decision to hire Haskins.

29. This was Troup's first hiring decision for LMS.

### IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

30. Paragraphs 1-29 above are incorporated by reference.

31. S&B was during Plaintiff's the events alleged in this case an employer as that term is contemplated under Title VII.

32. S&B violated Plaintiff's rights under Title VII by not hiring him because of his race.

33. Plaintiff's race was a motivating reason in the decision not to hire him.

34. Upon purchasing LMS from S&B, FitzMark continued that business with substantially the same facilities, equipment, and workforce and provided the same services.

35. LMS under FitzMark was a mere continuation of that business as it had existed under S&B's ownership.

36. Following its purchase of LMS, FitzMark was an employer as that term is contemplated under Title VII.

37. FitzMark is jointly liable to Plaintiff with S&B as its successor-in-interest.

38. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' actions described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from continuing to violate Title VII;

(iii) That the Court enter an Order requiring Defendants to make Plaintiff whole by hiring Plaintiff and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits

with interest, and ordering Defendants to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff